**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL KENT, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| CTI BIOPHARMA CORP., ADAM R. | ) | **FEDERAL SECURITIES LAWS** |
| CRAIG, LAURENT FISCHER, DAVID | ) | |
| PARKINSON, DIANE PARKS, MATTHEW | ) | **JURY TRIAL DEMANDED** |
| D. PERRY, MICHAEL A. METZGER, and | ) | |
| REED V. TUCKSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against Plaintiff against CTI BioPharma Corp. ("CTI" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Swedish Orphan Biovitrum AB (publ) ("Sobi").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2.      On May 10, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Sobi and Sobi's wholly owned subsidiary, Cleopatra Acquisition Corp. ("Purchaser").  The Merger Agreement provides that Sobi will acquire CTI for $9.10 in cash per share of CTI common stock, via a tender offer (the "Tender Offer").[2]

3.      The Company's corporate directors subsequently authorized the April 6, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Purchaser commenced the Tender Offer on May 25, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on June 23, 2023.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9.      Plaintiff is, and has been at all times relevant hereto, the owner of CTI common stock.

10.     Defendant CTI is a Delaware corporation with its principal executive offices located at 3101 Western Avenue, Suite 800, Seattle, Washington 98121.  CTI's shares trade on the Nasdaq Capital Market under the ticker symbol "CTIC."   CTI is a commercial biopharmaceutical company focused on the acquisition, development, and commercialization of novel targeted therapies for blood-related cancers.  The Company has one commercially approved product, VONJO (pacritinib), which has received Accelerated Approval in the U.S. from the U.S. Food and Drug Administration for the treatment of adult patients with intermediate or high-risk primary or secondary (post-polycythemia vera or post-essential thrombocythemia) myelofibrosis with a platelet count below 50 x 109/L.

11.     Defendant Adam R. Craig is and has been President, Chief Executive Officer, Interim Chief Medical Officer, and a director of the Company at all times relevant hereto.

12.     Defendant Laurent Fischer is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13.     Defendant David Parkinson is and has been a director of the Company at all times relevant hereto.

14.     Defendant Diane Parks is and has been a director of the Company at all times relevant hereto.

15.     Defendant Matthew D. Perry is and has been a director of the Company at all times relevant hereto.

16.     Defendant Michael A. Metzger is and has been a director of the Company at all times relevant hereto.

17.     Defendant Reed V. Tuckson is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On May 10, 2023, the Company announced in relevant part:

SEATTLE, May 10, 2023 /PRNewswire/ -- CTI BioPharma (Nasdaq: CTIC) ("CTI"), a commercial biopharmaceutical company focused on the development and commercialization of novel targeted therapies for blood-related cancers, today announced that it has entered into a definitive agreement under which Swedish Orphan Biovitrum AB (STO: SOBI) ("Sobi"), a global healthcare leader in hematology, immunology and specialty care, will acquire CTI for

$9.10 per share of common stock in an all-cash transaction, representing an implied equity value of approximately $1.7 billion.

The transaction will diversify Sobi's portfolio of leading hematology medicines through CTI's lead product, VONJO® (pacritinib), which is FDA-approved for the treatment of adult myelofibrosis patients with a platelet count below 50 x109/L. Bringing together Sobi and CTI is expected to enhance Sobi's commercial footprint in the U.S., and CTI will benefit from Sobi's resources, scale and strong international presence as it continues to grow and explore new indications and development opportunities for VONJO. Following the completion of the transaction, CTI will become a wholly owned subsidiary of Sobi. Together, Sobi and CTI expect to advance their shared mission to change the treatment paradigm for underserved patient communities suffering from rare diseases through new, innovative and effective medicines and therapies.

"We are delighted to announce this transaction, which delivers a compelling all-cash premium to our shareholders, while positioning CTI to unlock the full potential of VONJO in treating myeloproliferative disease," said Adam Craig, M.D., Ph.D., M.B.A., President, Chief Executive Officer and Interim Chief Medical Officer of CTI BioPharma. "In Sobi, we've found a global partner whose mission, culture and strategic business priorities are aligned with ours, and by joining forces, we have access to additional financial and development resources to drive and enhance the growth of VONJO. As we enter CTI's next chapter with the support of Sobi, we'd like to recognize the extraordinary work of our talented employees, who will play a key role in the success of the combined company."

**Transaction Details and Closing**

The transaction price represents an 89% premium to CTI's closing share price on May 9, 2023, as well as a 95% premium to its 30 trading day volume-weighted average price of $4.67. The transaction, which was unanimously approved by CTI's Board of Directors, is expected to close in the third quarter of 2023.

Under the terms of the merger agreement, Sobi, through a wholly owned, indirect subsidiary, will commence a tender offer to acquire all outstanding shares of CTI for $9.10 per share of common stock in cash. Sobi has received an irrevocable undertaking from certain entities affiliated with BVF Partners L.P. (BVF) to tender all of their shares of common stock, representing 6.7% of all outstanding shares of CTI common stock.

The closing of the tender offer will be subject to certain conditions, including the tender of shares in the tender offer representing at least a majority of the total number of CTI's shares of common stock outstanding and the expiration of the

waiting period under the Hart-Scott-Rodino Antitrust Improvements Act.  Upon the successful completion of the tender offer, Sobi's acquisition subsidiary will be merged into CTI, and any remaining shares of common stock of CTI will be cancelled and converted into the right to receive the same $9.10 per share in cash.

**First Quarter 2023 Earnings Results**

Given the transaction announcement, CTI does not intend to issue an earnings release for its first quarter 2023 financial results and will not host an earnings conference call.

**Advisors**

Centerview Partners LLC and MTS Health Partners are serving as CTI's financial advisors and Skadden, Arps, Slate, Meagher & Flom LLP and Gibson, Dunn & Crutcher, LLP are serving as legal counsel.

**The Materially Incomplete and Misleading Solicitation Statement**

20.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on May 25, 2023.  The Solicitation Statement, which recommends that CTI stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Centerview, the Company's additional financial advisor MTS Health Partners ("MTS"), and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21.     The Solicitation Statement fails to disclose material information concerning the Company's financial forecasts, including whether the forecasts set forth on page 26 of the

Solicitation Statement are the risk-adjusted forecasts for the Company and, if so, the assumptions underlying such risk-adjustments and a summary of the Company's non-risk-adjusted forecasts.[4]

22.     The Solicitation Statement fails to disclose the Company's product level forecasts, including with respect to VONJO and the Company's other programs.[5]

23.     The  Solicitation Statement further fails to disclose the assumptions underlying CTI's forecasts, including, but not limited to "the underlying assumptions relating to VONJO and CTI's programs" (*id.*) and "the epidemiology, pricing, sales ramp, market share, patent exclusivity, research and development expenses, sales and marketing expenses, general and administrative expenses, effective tax rate and utilization of net operating losses, and other relevant factors related to CTI's long-range operating plan." *Id.* at 25.

24.     The Solicitation Statement also fails to disclose the line items underlying CTI's forecasted EBIT.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

25.     The Solicitation Statement fails to disclose material information concerning the financial analyses underlying Centerview's fairness opinion.

---

[4] *See* Solicitation Statement at 32 (stating that, in connection with its *Discounted Cash Flow Analysis*, Centerview utilized the "forecasted risk-adjusted, after-tax unlevered free cash flows of CTI over the period beginning on July 1, 2023 and ending on December 31, 2034, as set forth in the Forecasts"). In addition, if the forecasts disclosed in the Solicitation Statement are not risk-adjusted, the Solicitation Statement fails to disclose the risk-adjusted forecasts relied upon by Centerview, including, but not limited to, the Company's risk-adjusted after-tax unlevered free cash flows over the period from July 1, 2023 through December 31, 2034 that formed the basis of Centerview's *Discounted Cash Flow Analysis*.

[5] *See id.* at 16 (stating that, at a May 2, 2023, Board meeting, "[m]embers of CTI's senior management presented the Management Projections to the CTI Board and explained to the CTI Board the underlying assumptions relating to VONJO and CTI's programs used to create the Management Projections").

26.     With respect to the *Discounted Cash Flow Analysis* performed by Centerview the Solicitation Statement fails to disclose: (a) CTI's terminal values; and (b) the Company's fully diluted outstanding shares as used in the analysis.

27.     With respect to the *Selected Public Company Analysis* and *Selected Precedent Transactions Analysis*, each performed by Centerview, the Solicitation Statement fails to disclose the respective individual financial metrics for each company and transaction analyzed by the financial advisor.

28.     With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose both the individual price targets observed and their respective sources.

29.     With respect to the *Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the identities of the transactions observed and their respective individual premia.

### *Material Misrepresentations and/or Omissions Concerning Centerview's, MTS's and Company Insiders' Potential Conflicts of Interest*

30.     The Solicitation Statement fails to disclose material information concerning Centerview's and MTS's potential conflicts of interest, including the fees Centerview expects to receive for services it is currently providing to BVF Partners L.P. ("BVF").[6]

31.     The Solicitation Statement further fails to disclose: (a) whether MTS performed any financial analyses for the Company in connection with the Proposed Transaction and, if so, a summary thereof; (b) the fee MTS expects to receive in connection with its engagement, which is contingent upon closing of the Proposed Transaction; and (c) whether MTS has

---

[6] BVF currently owns approximately twenty percent of the Company's common stock.

performed any services for any parties to the Merger Agreement in the prior two years and, if so, the nature of the services performed and amount of compensation received.

32.     The Solicitation Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Sobi's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

33.     The Solicitation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between CTI directors and executive officers and Sobi, who participated in all such communications, when they occurred and their content.

34.     The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of CTI's Financial Advisors," "Background of the Offer and the Merger," and "Future Employee Arrangements" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

35.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of CTI will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

36.     Plaintiff repeats all previous allegations as if set forth in full.

37.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting CTI stockholders to tender their shares in the Tender Offer.

38.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

39.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

41.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

42.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

43.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement,

rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of CTI, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

**COUNT II**

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

47.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to CTI stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial

11

forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

48.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

49.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

50.     Plaintiff repeats all previous allegations as if set forth in full.

51.     The Individual Defendants acted as controlling persons of CTI within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of CTI, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

52.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

54.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

55.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, CTI stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

15

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  June 6, 2023                                             **LONG LAW, LLC**

By:   */s/ Brian D. Long*
        Brian D. Long (#4347)
        3828 Kennett Pike, Suite 208
        Wilmington, DE 19807
        Telephone: (302) 729-9100
        Email: BDLong@LongLawDE.com

        *Attorneys for Plaintiff*